IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SERGIO ALBERTO BENCOMO,

    Plaintiff,

    v.     Case No. 14-cv-1114 MCA/SCY

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO, *et al.*,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Quash[1] the document request attached to Plaintiff's Notice to take the deposition of Defendant Violette Gonzales. *Doc. 33*. Plaintiff has not yet filed a response to this Motion. Upon reviewing the Motion, however, the Court noticed that the Motion is procedurally inadequate. Before filing a motion for a protective order, a party must confer or attempt to confer *in good faith* "with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c)(1). This requirement aims to reduce litigation expenses, narrow discovery disputes, and eliminate unnecessary court-involvement in the exchange of discovery. Additionally, lawyers in this District must comply with the local rules, which discourage the filing of unnecessary motions by requiring a movant to determine if a motion is opposed before filing the motion. *See* D.N.M. LR-Civ. 7.1(a). Under this rule, a motion "that omits recitation of a good-faith request for concurrence may be summarily denied." *Id.*

Here, Defendants assert that they complied with Local Rule 7.1 (and presumably Rule 26) by sending Plaintiff a letter on May 12, 2015 regarding the dispute and then emailing

---

[1] While styled as a motion to quash, Defendants' Motion requests relief under both Federal Rule Civil of Procedure 26 and Federal Rule Civil of Procedure 45. *Doc. 33* at 2.

1

Plaintiff's counsel a copy of the Motion to Quash on May 14, 2015. Defendant did not receive a response to either correspondence before filing the Motion to Quash on May 15, 2015. The Court does not consider these unacknowledged letters, the earliest of which was sent only three days before the Motion was filed, as a good faith attempt to confer with Plaintiff and ascertain whether the Motion to Quash was opposed. *See*, *e.g.*, *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 172 (D. Nev. 1996) (series of demand letters and one phone call did not constitute a good faith attempt to confer under Rule 37); *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995) ("Sending a letter to the opposing party demanding compliance with a discovery request is not what this Court regards as an earnest attempt to 'meet and confer' on the issues. Rather, a live exchange of ideas and opinions is required."); *Ballou v. University of Kan. Medical Ctr.*, 159 F.R.D. 558, 560 (D. Kan. 1994) ("One letter, moreover, does not satisfy the duty to confer. Had counsel for plaintiff made a phone call, the discovery dispute may have been resolved.") (internal citation omitted).

As these cases indicate, the good faith consultation requirement of Rule 26 and Local Rule 7.1 is not a technicality. While a litigant is not required to nag and harangue a party in an attempt to confer, a litigant is required to make reasonable efforts to actually converse and exchange views with opposing counsel before requesting court intervention. Sending opposing counsel written notice of the discovery dispute and then filing a motion only three days later without hearing back or picking up the phone and attempting to reach opposing counsel is not a good faith attempt to confer about the dispute at issue. *See Kimbrell v. Chaves County Clerk*, No. Civ. 12-1184 WJ/LFG, slip op. at 2 (D.N.M. March 26, 2013) ("[S]ending opposing counsel a single email or letter does not constitute good-faith communication."); *Zuniga v. Bernalillo County*, No. Civ. 11-877 JB/LAM, slip op. at 3-4 (D.N.M. March 21, 2013) (Defendant failed to

comply with federal rules where the "only indication that Defendant made any effort to resolve the discovery dispute was to send a letter demanding supplementation."); *Oliveros v. Mitchell*, No. Civ. 04-51 LH/RHS, slip op. at 1 (D.N.M. January 11, 2005) ("Plaintiff's faxing of a letter on December 2, 2004, indicating that if the disputed materials were not provided by December 6, 2004, a motion to compel would be filed is not a good faith conference nor an attempt to confer to secure the information and material without Court action, all as required by Fed. R. Civ. P. 37(a)(2)(B).").

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion to Quash (*doc. 33*) is denied without prejudice to re-filing after the parties meet and confer as described below.

2. The parties are ordered to meet and confer telephonically or in person, by May 20, 2015 to discuss each of Defendants' Motion to Quash.

3. If the parties are unable to settle their differences, they must contact the Court by close of business on May 20, 2015 to inform the Court of their disagreement so that the Court can schedule a status conference, if necessary, to discuss how to proceed in light of the May 22, 2015 deposition date.

/s/ Steven C. Yarbrough_____

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

3