IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SERGIO ALBERTO BENCOMO,

    Plaintiff,

v.                                                                           Civ. No. 14-1114 SCY/KBM

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants Board of County Commissioners of the County of Bernalillo, Bernalillo County Metropolitan Detention Center, and Violette Gonzales's (hereinafter "Defendants") Motion for Partial Summary Judgment No. III (ECF No. 63), and Plaintiff Sergio Bencomo's Motion for Partial Summary Judgment (ECF No. 66). These cross-motions for summary judgment address Count VII of Plaintiff's complaint for defamation under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978, § 41-4-1 to -30 (1976, as amended through 2015). Having reviewed the parties' submissions and the relevant law, the Court **grants** summary judgment in favor of Defendants on the state defamation claim. Accordingly, Count VII is dismissed with prejudice.

In addition, the Court *sua sponte* addresses Plaintiff's Section 1983 municipal liability claim against the County that is set forth in Count II of Plaintiff's complaints. As explained more fully below, the Court dismisses Count II with prejudice because Plaintiff has failed to establish a constitutional violation by Ms. Gonzales.

1

I. **Defamation Claim (Count VII)**

Plaintiff's defamation claim arises from the publication of his booking photograph and the Calletano criminal charges in the newspaper *El Semanario de Nuevo Mexico*. ECF No. 1-1 at 15-16. Plaintiff contends that Ms. Gonzales's actions during Plaintiff's booking into the MDC led to this purportedly defamatory publication, and that Ms. Gonzales was acting as a law enforcement officer for purposes of the immunity waiver set forth in Section 41-4-12 of the NMTCA. *Id.*

The NMTCA "preserves sovereign immunity against tort claims for state governmental entities and public employees acting in the scope of their duties," except as that immunity is waived by Sections 41-4-5 to -12 of the NMTCA. *Fernandez v. Mora-San Miguel Elec. Coop., Inc.*, 462 F.3d 1244, 1250 (10th Cir. 2006); NMSA 1978, § 41-4-4(A) (2001). The only waiver asserted by Plaintiff with respect to his defamation claim is Section 41-4-12 of the NMTCA, which waives sovereign immunity for tort claims "caused by law enforcement officers while acting within the scope of their duties." *See* NMSA 1978, § 41-4-12 (1977); *see* Pl.'s Compl. ECF No. 4-1 at 17. "[I]n order to state a tort claim under the waiver of immunity set out in Section 41-4-12, a plaintiff must demonstrate that the defendants were law enforcement officers acting within the scope of their duties, and that the plaintiff's injuries arose out of either a tort enumerated in this section or a deprivation of a right secured by law." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, ¶ 7, 916 P.2d 1313.

On March 31, 2016, this Court entered a Memorandum Opinion and Order granting summary judgment in favor of Defendants on Plaintiff's other NMTCA claims. ECF No. 86. Therein, the Court specifically ruled that Ms. Gonzales is not a law enforcement officer within the meaning of the NMTCA, and therefore, the waiver of immunity for law enforcement officers

that is set forth in Section 41-4-12 does not apply to her or to the County. *Id.* The reasoning from the Court's earlier Order is equally applicable to Plaintiff's defamation claim. Because Ms. Gonzales is not a law enforcement officer within the meaning of the NMTCA, Defendants are entitled to summary judgment on the defamation claim. Accordingly, Count VII is dismissed with prejudice.

**II. Section 1983 Municipal Liability Claim (Count II)**

As a final matter, the Court *sua sponte* addresses Plaintiff's municipal liability claim against the County for its failure to train and/or supervise its employees, namely Ms. Gonzales. A plaintiff suing a municipality under § 1983 for the acts of its employees must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). In its Memorandum Opinion and Order filed on March 31, 2016 (ECF No. 87), this Court determined that Ms. Gonzales's conduct did not violate Plaintiff's constitutional rights to be free from false arrest and false imprisonment. As a result, the County cannot be held liable under § 1983 and Count II of Plaintiff's claim is dismissed with prejudice. *See J.H. ex rel. J.P. v. Bernalillo Cnty. et al.*, 806 F.3d 1255, 1262 (10th Cir. 2005) (holding that the "county could not incur liability for failing to provide adequate training" because the deputy did not commit a constitutional or statutory violation); *See Trigalet v. City of Tulsa, Okla.*, 239 F.3d 1150, 1155-56 (10th Cir. 2001) ("[E]ven if it could be said that [the City's] policies, training, and supervision were unconstitutional, the City cannot be held liable where, as here, the officers did not commit a constitutional violation."); *See Graves v. Thomas*, 450 F.3d 1215, 1218

(10th Cir. 2006) (even where a suit alleges an illegal municipal policy, "a municipality may not be held liable where there was no underlying constitutional violation by any of its officers.").

### III. Conclusion

Based on the foregoing, the Court grants Defendants' Motion for Partial Summary Judgment No. III (ECF No. 63) and denies Plaintiff's Motion for Partial Summary Judgment (ECF No. 66). Defendants are granted summary judgment in their favor on Plaintiff's defamation claim, and this claim (Count VII) is dismissed with prejudice.

In addition, the Court dismisses Count II of Plaintiff's complaint with prejudice. Because there are no remaining claims in this matter, this lawsuit is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**